**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **JULIE DOUCET**<br>5070 Breckenhurst Drive<br>Hilliard, OH 43026<br><br>    Plaintiff,<br><br>v.<br><br>**REVCO SOLUTIONS, INC**<br>**C/O Corporation Service Company**<br>1160 Dublin Road, Suite 400<br>Columbus, OH 43215<br><br>    And<br><br>**OHIOHEALTH CORPORATION**<br>**C/O Terri W. Meldrum, Esq.**<br>3430 Ohiohealth Pkwy<br>Columbus, OH 43202<br><br>    Defendants, Jointly and Severally Liable. | Case No: 2:24-cv-1367<br><br>Judge:<br><br><br>**JURY DEMAND ENDORSED HEREIN** |

## COMPLAINT FOR MONETARY DAMAGES, INJUNCTIVE RELIEF, AND DECLARATORY JUDGMENT

**I. INTRODUCTION**

   1.    In the midst of a global pandemic, when families grappled with unprecedented challenges and uncertainties, Julie Doucet sought nothing more than fairness and transparency during one of life's most significant moments—the birth of her child. Instead, she was met with a staggering display of opportunism by OhioHealth, a hospital system that charged exorbitant fees without justification, exploiting the vulnerability of a new mother and her infant. Despite the nursery's closure due to COVID-19, OhioHealth imposed a daily charge exceeding $2,300 each for both

mother and baby to occupy a single room—a clear case of price gouging a captive audience.

2. With resolve and in good faith, Mrs. Doucet attempted to rectify the situation through a meticulously documented pay in full agreement, only to be ignored and later pursued for the very debt she had settled. OhioHealth's subsequent actions—cashing the "paid in full" check without dispute, then deliberately ignoring its binding effect, and ultimately enlisting collection agencies to hound Mrs. Doucet—exemplify a pattern of egregious conduct. This pattern continued even after direct notice of the settled account, culminating in Revco, the second collection agency, perpetuating the same unscrupulous practices. Despite clear communication from Mrs. Doucet's counsel, Revco falsely validated the extinguished debt and continued its collection efforts, unabated and undeterred by legal and ethical obligations.

3. The actions of OhioHealth and Revco not only display a blatant disregard for the principles of contract and consumer protection laws but also reflect a systematic exploitation of individuals during their most vulnerable moments. This complaint seeks justice for Mrs. Doucet, holding OhioHealth accountable for its breach of contract and violations of the Consumer Sales Practices Act (CSPA), and Revco for its willful defiance of the Fair Debt Collection Practices Act (FDCPA) and CSPA, to ensure that such predatory practices are not allowed to persist.

**II. JURISDICTION**

4. This Court has federal question subject matter jurisdiction over this action as it involves claims under the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, et seq. (15 U.S.C. § 1692f(d)), and supplemental jurisdiction over state law claims pursuant to 28 U.S.C. §1367, that of Breach of Contract and the Ohio Consumer Sales Practices Act (CSPA), R.C. 1345.01, et seq..

5. This Court has personal jurisdiction over the defendant, OhioHealth, as it is a corporation that conducts business within this jurisdiction and is the primary party to the original contract and subsequent dispute.

6. This Court has personal jurisdiction over the defendant, Revco, as it is a debt collection agency that has engaged in collection activities against the plaintiff within this jurisdiction.

### III. PARTIES

7. Plaintiff, Julie Doucet, is an individual residing at 5070 Breckenhurst Drive, Hilliard, OH 43026, within this jurisdiction.

8. Defendant, OhioHealth, is a hospital system with its principal place of business located within this jurisdiction.

9. Defendant, Revco, is a debt collection company that conducts business within this jurisdiction and has engaged in collection activities against the plaintiff.

### IV. GENERAL ALLEGATIONS

10. On or about August 18, 2021, and October 18, 2021, plaintiff Julie Doucet, through her counsel, requested billing and medical records from OhioHealth related to the birth of her child, Minor M.D., pursuant to R.C. 3701.74(B). OhioHealth failed to respond to these requests and instead continued to pursue collection activities against the plaintiff. (Exhibit A)

11. On December 14, 2021, plaintiff's counsel sent a letter to OhioHealth's Billing Department, which included an offer of payment in full to settle a disputed account. The offer was accompanied by a check for $2,552.91, marked "paid in full" with the account number on the memo line, as a full accord and satisfaction of the disputed amount. (Exhibit B)

12. OhioHealth cashed the check on or about December 22, 2021, without any attempt to

3

return the funds or communicate a rejection of the offer, thereby accepting the accord and satisfaction. (Exhibit C)

13. Despite the acceptance of the payment in full, OhioHealth failed to update its records to reflect that the account was settled and, approximately two years later, sent the account to a collections agency.

14. Plaintiff, through counsel, notified the first collection agency of the payment in full and the agency's violation of the FDCPA by attempting to collect on a settled account. (Exhibit D (attachments to letter omitted as duplicative))

15. Consequently, the first collections agency ceased its collection attempts and returned the account to OhioHealth.

16. OhioHealth, once again having direct notice of the payment on the account, took no action to either return the payment or mark the account as paid. Instead, over another year passed, and OhioHealth sent the account to another collection agency, Revco, to attempt to collect on the paid account. (Exhibit E)

17. On February 23, 2024, Revco sent a payment demand letter to the plaintiff. Plaintiff's counsel contacted Revco on March 4, 2024, requesting debt validation and informing the collector of the pay in full letter that satisfied the balance. The representative falsely indicated that the alleged debt was for another matter unrelated to the paid account.

18. On March 6, 2024, Revco sent a validation letter to the plaintiff's counsel, falsely stating the debt was valid and belonged to the paid account, despite being directly informed that the account had been settled by a pay in full check. Revco made no attempt to validate that the account was paid, as demanded by the plaintiff's counsel. (Exhibit F)

19. The plaintiff has been subjected to undue stress and egregious conduct by OhioHealth and Revco, leading to the filing of this complaint.

## V. CLAIM FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT (FDCPA) AGAINST REVCO

20. Plaintiff incorporates all other paragraphs in this Complaint by reference as though fully written here.

21. Defendant Revco is a "debt collector" as defined by the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692a(6).

22. Plaintiff Julie Doucet is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3).

23. The obligation at issue arises from a transaction which is primarily for personal, family, or household purposes, thus constituting a "debt" as defined by the FDCPA, 15 U.S.C. § 1692a(5).

24. On or about February 23, 2024, Defendant Revco, in its capacity as a debt collector, sent a payment demand letter to Plaintiff regarding the alleged debt, which had been previously satisfied by a pay in full check that was cashed by the original creditor, OhioHealth.

25. Plaintiff's counsel notified Defendant Revco on March 4, 2024, by phone, requesting validation of the alleged debt and informing the collector that the debt had been paid in full with a pay in full check, yet Defendant Revco's representative falsely indicated that the alleged debt was for some other matter and not the paid account.

26. On March 6, 2024, Defendant Revco sent a validation letter to Plaintiff's counsel, falsely stating the debt was valid and belonged to the paid account, in direct contradiction to the information provided by Plaintiff's counsel.

27. Defendant Revco made no attempt to validate that the account was paid, despite the demand from Plaintiff's counsel to provide such validation, in violation of the FDCPA, 15 U.S.C. § 1692g(b).

28. Defendant Revco's actions in attempting to collect a debt that it knew or should have known was not valid and had been paid in full constitutes a false, deceptive, or misleading representation in connection with the collection of a debt, in violation of the FDCPA, 15 U.S.C. § 1692e.

29. By cashing the pay in full check and failing to return the funds, OhioHealth and subsequently Defendant Revco engaged in conduct that would likely mislead a consumer into believing the debt was still valid, in violation of the FDCPA, 15 U.S.C. § 1692e(10).

30. Defendant Revco's conduct in continuing to attempt to collect the debt after being informed by Plaintiff's counsel that it had been paid in full constitutes an unfair practice, in violation of the FDCPA, 15 U.S.C. § 1692f.

31. As a result of Defendant Revco's violations of the FDCPA, Plaintiff has suffered and continues to suffer actual damages, including but not limited to emotional distress, embarrassment, and stress, as well as the potential for negative credit reporting implications.

32. Plaintiff is entitled to actual and statutory damages for each violation of the FDCPA, costs of litigation, and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(1), (a)(2)(A), and (a)(3).

33. Plaintiff seeks injunctive relief to prevent Defendant Revco from further collection attempts on the debt that has been paid in full.

34. Defendant Revco's conduct is intentional and malicious, warranting additional punitive

damages to deter such conduct in the future and to provide just compensation to Plaintiff for the willful disregard of her rights under the FDCPA.

**VII. CLAIM FOR BREACH OF CONTRACT AGAINST OHIOHEALTH**

35. Plaintiff incorporates all other paragraphs in this Complaint by reference as though fully written here.

36. Plaintiff Julie Doucet entered into a contractual relationship with Defendant OhioHealth when she received medical services for the birth of her child at OhioHealth's facility.

37. The agreement between Plaintiff and Defendant included an obligation for OhioHealth to provide medical services and for Plaintiff to pay for those services.

38. Plaintiff disputed the charges billed by Defendant as excessive and, pursuant to her rights under Ohio law, requested detailed billing and medical records to substantiate the charges.

39. On December 14, 2021, Plaintiff, through her counsel, sent a letter to Defendant offering a check for $2,552.91 marked "paid in full" as full accord and satisfaction of the disputed amount, which Defendant cashed on or about December 22, 2021.

40. Defendant accepted the check marked "paid in full" without protest and retained the funds, which under Ohio law and pursuant to the case Inger Interiors v. Peralta, 30 Ohio App. 3d 94, 506 N.E.2d 1199 (1986), constituted an accord and satisfaction of the disputed debt.

41. Defendant breached the accord and satisfaction agreement by failing to mark Plaintiff's account as paid and by subsequently attempting to collect on the alleged debt by sending the account to a collection's agency approximately two years later.

42. Defendant had direct notice of the payment on the account and the accord and satisfaction agreement yet took no action to either return the payment or mark the account paid, further

breaching the agreement.

43. Defendant's actions in sending the account to another collection agency to attempt to collect on the paid account constituted a willful breach of the accord and satisfaction agreement.

44. As a direct and proximate result of Defendant's breach of contract, Plaintiff has suffered damages including but not limited to stress, damage to her credit, and the costs associated with defending against the collection actions.

45. Plaintiff has performed all conditions, covenants, and promises required on her part in accordance with the terms and conditions of the contract.

46. Defendant's breach of the contractual agreement has caused Plaintiff to incur damages in an amount to be determined at trial.

47. Plaintiff seeks relief for Defendant's breach of contract, including but not limited to monetary damages in excess of $25,000, an injunction preventing Defendant from collecting on any "paid in full" checks it cashes, and a declaration that the account is paid in full.

## VIII. CLAIM FOR VIOLATION OF THE OHIO CONSUMER SALES PRACTICES ACT (CSPA) AGAINST OHIOHEALTH AND REVCO SOLUTIONS, INC.

48. Plaintiff incorporates all other paragraphs in this Complaint by reference as though fully written here.

49. OhioHealth Corporation ("OhioHealth") is an Ohio corporation with its principal place of business in Ohio, and Revco Solutions, Inc. ("Revco") is a Delaware corporation with its principal place of business in Ohio.

50. OhioHealth engaged in a consumer transaction with Plaintiff by providing medical services and billing for those services.

51. Revco, as a debt collector, engaged in a consumer transaction with Plaintiff by attempting to collect an alleged debt arising from the aforementioned services.

52. OhioHealth and Revco have violated the Ohio Consumer Sales Practices Act, R.C. 1345.01 et seq., by committing unfair and deceptive acts and practices in connection with a consumer transaction.

53. OhioHealth, by cashing the "paid in full" check from Plaintiff without disputing the accord and satisfaction, and by subsequently sending the account to collections, has engaged in a deceptive act or practice by representing that a consumer transaction involves rights, remedies, or obligations that it does not have or involve, contrary to R.C. 1345.02.

54. OhioHealth, by failing to mark the account as paid after cashing the "paid in full" check and by continuing to attempt to collect on the alleged debt, has engaged in an unfair and deceptive act or practice by asserting a legal right that it knows does not exist, contrary to R.C. 1345.02.

55. Revco, by sending a payment demand letter to Plaintiff and falsely indicating that the alleged debt was for some other matter, has engaged in a deceptive act or practice by making a false or misleading statement of fact concerning the reasons for, existence of, or amounts of a price or price reduction, contrary to R.C. 1345.02.

56. Revco, by failing to validate the account as paid despite the demand from Plaintiff's counsel to provide such validation, has engaged in a deceptive act or practice by failing to deliver services as promised, contrary to R.C. 1345.03.

57. OhioHealth's and Revco's actions have caused Plaintiff actual damage through stress and the continued wrongful attempts to collect an alleged debt that Plaintiff had already satisfied.

58. Plaintiff is entitled to declaratory relief, injunctive relief to prevent OhioHealth and Revco from further collection attempts on the paid account, statutory damages, treble damages, attorneys' fees and costs, and monetary damages in excess of $25,000 due to the violations of the Ohio Consumer Sales Practices Act by OhioHealth and Revco under R.C. 1345.09.

**WHEREFORE**, Plaintiff Julie Doucet respectfully requests that this Honorable Court:

A. Grant judgment in favor of Plaintiff on all claims and for the remedies sought in each claim;

B. Issue a judicial determination declaring that the account in question is paid in full and enjoining Defendant Revco Solutions, Inc. from any further collection activities on this account;

C. Issue a permanent injunction preventing Defendant OhioHealth Corporation from cashing any "paid in full" checks without appropriately marking the related account as paid;

D. Award Plaintiff money damages in excess of $25,000;

E. Award Plaintiff actual damages in an amount to be determined at trial, including but not limited to damages for emotional distress caused by Defendants' actions;

F. Grant Plaintiff statutory damages pursuant to the Fair Debt Collection Practices Act (FDCPA) and the Consumer Sales Practices Act (CSPA);

G. Award Plaintiff treble damages for any willful and/or egregious violations of the CSPA committed by Defendants;

H. Award Plaintiff punitive damages in an amount sufficient to deter Defendants and others from similar conduct in the future;

I. Award Plaintiff attorney fees, costs, and expenses of litigation, with the appropriate multiplier, as provided by statute and/or common law; and

J. Award Plaintiff such other and further relief as the Court deems just and proper.

                                                            Respectfully Submitted,

DOUCET CO., LPA

/s/ Troy J. Doucet
Troy J. Doucet (0086350)
Tyler D. Houston (0103300)
485 Metro Place South, Suite 300
Dublin, OH 43017
PH: (614) 221-9800
FX: (818) 638-5548
Troy@Doucet.Law
Tyler@Doucet.Law
*Counsel for Plaintiff Julie Doucet*

**JURY DEMAND**

PLAINTIFF HEREBY DEMANDS A JURY ON ALL TRIABLE MATTERS.

/s/ Troy J. Doucet
Troy J. Doucet (0086350)

11